# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5423 | **DATE** | 9/23/2011 |
| **CASE TITLE** |  | BANK v. TAM, ET AL | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to remand to state court [13] is granted. Defendant, Warren O. Tam's motion for extension of time [15] is denied. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This is an action, initially filed in state court, brought by Marquette Bank against Warren Tam; Ying Hua Tam (Ying); MMBC Investments, LLC; Penn Real Estate, LLC; the Village of Oak Forest; and Alphonse A. Talarico. 2010-CH-34805. R. 1 at 11.[1] Defendant Warren Tam has removed this case from the Circuit Court of Cook County pursuant to 28 U.S.C. § 1441, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. On August 26, 2011, the Court issued several jurisdictional inquiries, R. 8, regarding what appeared to be a number of defects in the notice of removal, R. 1. The Court provided until September 7, 2011 for Tam to file an amended notice of removal addressing the various issues. R. 8. Tam did so. R. 9. After reviewing the amended notice of removal, a "supplemental memo of law in support," R. 11, and a motion to remand filed by Marquette Bank, R. 13, the Court concludes that it is without subject matter jurisdiction and remands the case.

Although there are a number of potential defects that deprive the Court of jurisdiction, the lack of complete diversity is obvious from the amended notice of removal, and thus the Court will limit its discussion to that problem. For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be "complete," meaning that no plaintiff may be a citizen of the same state as any defendant. Tam states that Marquette Bank is incorporated in Illinois, with all of its branches in Illinois. R. 9 at 2. Marquette Bank confirms that it is an Illinois corporation with its principal place of business in Illinois. R. 13 at 2. Because Marquette is a citizen of Illinois, no Defendant can also be a citizen of Illinois without defeating complete diversity. According to the amended notice of removal:

- Tam is a citizen of Indiana. *Id.* at 1.
- Tam does not allege the citizenship of Ying. *Id.* at 6.
- MMBC Investments, LLC is a citizen of Illinois. *Id.* at 2.
- Penn Real Estate, LLC is a citizen of Illinois. *Id.* 2-3.

**STATEMENT**

- Tam does not allege the citizenship of the Village of Oak Forest. *Id.* at 5.[2]
- Tam does not allege the citizenship of Alphonse Talarico. *Id.* at 3-4.

The proponent of federal jurisdiction has the burden to allege the basis for the Court's subject matter jurisdiction, and Tam has now had two opportunities to meet his burden. Despite those two chances, he has not alleged the citizenship of three defendants, as is his duty. *Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that the party asserting federal jurisdiction must allege the citizenship of *all* parties). This deficiency alone warrants remand. But even if Tam had alleged the citizenship of all parties, the case would still need to be remanded because several of the parties destroy complete diversity. Tam argues that those Defendants' citizenships should be ignored for two reasons. Neither argument is persuasive.

Tam argues that the Illinois citizens do not destroy complete diversity because the Court did not have personal jurisdiction over the parties, and thus their citizenship is not considered in the complete diversity calculation. *Id.* at 3 (citing *Nu-Way Systems of Indianapolis, Inc. v. Belmont Marketing, Inc.*, 635 F.2d 617, 621 (7th Cir. 1980) (holding that the citizenship of a party over which the court does not have jurisdiction is not considered during removal)). Tam argues that the Circuit Court of Cook County lacked jurisdiction over the Illinois-citizen Defendants because none of them were served. R. 9 at 2-6. But whether service has been effectuated is not the test for personal jurisdiction over a defendant for diversity jurisdiction purposes. In Illinois, whether a court has personal jurisdiction over a party is determined by state statute. 735 ILCS 5/2-209. Illinois's personal jurisdiction statute provides that a company that does business in Illinois is subject to personal jurisdiction. *Id.* The same is true for any corporation that is incorporated in the state. *Id.* According to Tam's amended notice of removal, both Penn and MMBC have conducted business in Illinois, and they are also organized under Illinois law. Moreover, although Tam does not allege the Village of Oak Forest's citizenship, it is a citizen of Illinois. *Illinois v. City of Milwaukee*, 406 U.S. 91, 97-98 (1972) ("For the purposes of diversity of citizenship, political subdivisions are citizens of their respective states."). Thus, all three of these Defendants are citizens of Illinois and subject to the personal jurisdiction of Illinois courts. Those three Defendants' citizenships destroy complete diversity.

Tam also argues that these Defendants' citizenships should not be considered for diversity purposes because they are not real parties in interest, R. 9 at 3-6, or that the parties should be "realigned" to reflect the true interests of the parties and maintain complete diversity, R. 11, 3. Citing *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941), Tam argues that the Court should realign the parties because all of their interests are adverse to his. R. 11 at 2. After a realignment, Tam argues, there will be complete diversity because his state of citizenship—Indiana—will not conflict with any of the other parties, who should all be realigned as adverse to him. This argument is without merit because the parties are properly aligned. Although the other Defendants may have interests that are adverse to Tam's, their interests are also adverse to Marquette's. All of the other Defendants have or had some interest or right in the properties that Marquette seeks to foreclose. For Marquette to successfully foreclose against these interests, it is necessary to include all of the other parties that have an interest or claim in the same properties to bind them to the state court's judgment. As explained in the Court's earlier order, R. 8, the Defendants are all real parties in interest, and that argument also fails.

Having concluded that all of the named Defendants are properly aligned as Defendants, and that multiple Defendants are citizens of Illinois subject to the personal jurisdiction of the Illinois Courts, there is no complete diversity, and thus, no diversity jurisdiction. To the extent that Tam argues that he wishes to file some sort of adverse federal bankruptcy action against Marquette, R. 15 at 2, the presence of a potential federal counter-claim (if it truly can be characterized that way) does not supply grounds to remove a well-

**STATEMENT**

pleaded complaint that does not contain the federal question. Accordingly, pursuant to the Court's own inquiry, the case is remanded to the Circuit Court of Cook County, Marquette's motion to remand [13] is granted, and Tam's motion for more time to file a counter-claim [15] is denied. In light of Tam's *pro se* status, and lack of expertise in federal jurisdiction, imposition of fees and costs against him is unwarranted.

1. The State Court docket can be found online at: https://w3.courtlink.lexisnexis.com/cookcounty/FindDock.asp?NCase=2010-CH-34805&SearchType=0&Database=3&case_no=&PLtype=1&sname=Marquette&CDate= (Last Visited Sep. 23, 2011).

2. For diversity-of-citizenship purposes, the Village is a citizen of Illinois. *Illinois v. City of Milwaukee*, 406 U.S. 91, 97-98 (1972) ("For the purposes of diversity of citizenship, political subdivisions are citizens of their respective states.").